# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WARNER BROS. RECORDS, INC.**, a Delaware corporation; **CAPITOL RECORDS, INC.**, a Delaware corporation; **SONY BMG MUSIC ENTERTAINMENT**, a Delaware general partnership; **BMG MUSIC**, a New York general partnership; and **UMG RECORDINGS, INC.**, a Delaware corporation,<br>    Plaintiffs,<br><br>v.<br><br>**NACHOLE BAREFIELD,**<br>    Defendant. | CV-07-BE-001360-S |

## MEMORANDUM OPINION

Before the court is Plaintiffs' "Application for Entry of Default Judgment by the Court" (doc. 8) which requests the court (1) to enter a default judgment in favor of Plaintiffs against Defendant for statutory damages in the amount of $6,750.00 and for costs in the amount of $420.00; and (2) to enter a permanent injunction prohibiting Defendant from unlawfully infringing upon Plaintiffs' rights as to existing and future copyrighted works. After careful consideration of the pleadings, the court records, the relevant statutory and case law, and the exhibits submitted in support of Plaintiffs' application, the court will GRANT Plaintiffs' motion for the reasons stated below.

### A.  FACTUAL SUMMARY

The following facts are alleged in the Complaint:

1

Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright laws of copyright sound recordings. Those copyrighted sound recordings include but are not limited to the following recordings ("Copyrighted Recordings") that are relevant to the instant case:

(1) Artist Dire Straits' "Money for Nothing" from its album titled "Brothers in Arms" (copyright owned by Warner Bros. Records, Inc., SR# 63-040);

(2) Artist Radiohead's "Street Spirit (Fade Out)" from its album titled "The Bends" (copyright owned by Capital Records, Inc., SR# 280-260);

(3) Artist Journey's "Open Arms" from its album titled "Escape" (copyright owned by Sony BMG Music Entertainment, SR# 30-088);

(4) Artist Mariah Carey's "Always Be My Baby" from her album titled "Daydream" (copyright owned by Sony BMG Music Entertainment, SR# 215-243);

(5) Artist Marvin Gaye's "Sexual Healing" from his album titled "Midnight Love" (copyright owned by Sony BMG Music Entertainment, SR# 41-568);

(6) Artist Savage Garden's "Crash and Burn" from its album titled "Affirmation" (copyright owned by Sony BMG Music Entertainment, SR# 276-120);

(7) Artist Lit's "My Own Worst Enemy" from its album titled "A Place in the Sun" (copyright owned by BMG Music SR# 264-272);

(8) Artist Shaggy's "Angel" from his album titled "Hot Shot" (copyright owned by UMG Recordings, Inc, SR# 286-657);

(9) Artist Incubus's "Nice to Know You" from its album titled "Morning View" (copyright owned by Sony BMG Music Entertainment, SR# 306-181).

(See Complaint, Ex. A). Each of these Copyrighted Recordings is subject to a valid Certificate of Copyright Registration issued by the register of Copyrights. The Copyright Act grants to copyright owners or licensees exclusive rights, including the exclusive rights to reproduce the copyrighted recordings and to distribute them to the public.

Defendant is an individual who has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute them to the public, and/or to make them available for distribution to others.  Because Plaintiffs have neither consented to nor given Defendant permission for this use, Defendant's actions violated Plaintiff's exclusive rights of reproduction and distribution and constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.  Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each album cover of each of the Copyrighted Recordings, which were widely available and accessible by Defendant.  Defendant's acts of infringement have been willful and intentional, in disregard of, and with indifference to Plaintiffs' rights.

As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs seek judgment in their favor as follows:

> (1) Statutory damages pursuant to 17 U.S.C. § 504( c) -- Plaintiffs request the minimum statutory damages of $750.00 for each of the nine infringements listed above, for a total of $6,750.00.
>
> (2) Costs, in the amount of $420.00, pursuant to 17 U.S.C. § 505; and
>
> (3) A permanent injunction pursuant to 17 U.S.C. §§ 502 and 503 -- Plaintiffs claim that Defendant's conduct is causing and will continue to cause great and irreparable injury that monetary damages cannot adequately repair.  Plaintiffs seek injunctive relief prohibiting Defendant from further infringing upon Plaintiffs' copyrights and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

### B.  PROCEDURAL SUMMARY

On July 24, 2007, Plaintiffs filed their Complaint.  On August 10, 2007, Plaintiffs filed a Proof of Service of Summons and Complaint, providing evidence that Defendant was served on

July 30, 2007; in accordance with Rule 4(e)(2) of the Federal Rules of Civil Procedure, the process server's declaration stated that he had left a copy of the Summons and Complaint at Defendant's dwelling with Defendant's cousin, a person of suitable age and discretion residing there. On January 4, 2008, Plaintiffs filed a motion for Entry of Default against Defendant. On January 7, 2008, the clerk entered a Default as to Defendant. On January 17, Plaintiffs filed an application for Default Judgment.

## C. STANDARD OF LAW

Rule 55[1] of the Federal Rules of Civil Procedure governs the entry of Default and Default Judgments. Rule 55(a) provides, in pertinent part, as follows:

> Entering a Default
> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. and that failure is shown by affidavit or otherwise, the clerk <u>must</u> enter the party's default. (emphasis added).

Rule 55(b) provides, in pertinent part, as follows:

> Entering a Default Judgment.
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. . . .The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>  (A) conduct an accounting;
>  (B) determine the amount of damages;
>  (C) establish the truth of any allegation by evidence; or
>  (D) investigate any other matter.

---

[1] The language quoted is the 2007 amendment to Rule 2007 effective December 1, 2007. The Advisory Committee Notes indicate that although the pre-amendment language has been modified, these changes are intended to be stylistic only, not substantive.

D. DISCUSSION

1. *Default Judgment is Appropriate; Defendant's Liability is Deemed Admitted.*

After considering the factors set forth in Rule 55, the court finds that an entry of a Default Judgment against Defendant is appropriate; Defendant, who is not an infant, incompetent person, or in active military service, failed to appear after being properly served with the Summons and Complaint. When the court determines that Defendant is in default, the factual allegations in the well-pleaded Complaint are deemed to be admitted. *See, e.g., Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp.2d 1345, 1347 (S.D. Fla. 1999)(in copyright infringement case, default establishes liability). The well-pleaded Complaint in the instant case states that Defendant, without Plaintiffs' authorization, used the online media distribution system to copy the copyrighted recordings listed in Exhibit A to the Complaint and to distribute those recording to other users in the system. These facts, admitted through the default, establish direct copyright infringement. *See In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001). Accordingly, this court finds that the facts set forth in section A above and in the Complaint establish that Defendant is liable to Plaintiffs for copyright infringement based upon the nine acts of infringement, each of which violated Plaintiffs exclusive rights under federal copyright laws.

*2. Plaintiffs are Entitled to Statutory Damages*

Having established Defendant is liable to Plaintiffs, the court must turn to the issue of

damages. Plaintiffs seek statutory damages pursuant to Section 504 of the Copyright Act, which provides that "an infringer of copyright is liable for . . . (2) statutory damages as provided by subsection (c)." 17 U.S.C. § 504(a). Section 504(c) provides as follows:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect of one work ... in a sum of not less than $750 or no more than $30,000 as the court considers just.

17 U.S.C. § 504( c)(1).

Plaintiffs need not prove actual damages to obtain an award of statutory damages. "Under the current Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available." 4 *Nimmer on Copyright* § 14.04[A], at 14-44-45; *see Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001), *cert. denied,* 534 U.S. 1127 (2002)(quoting Nimmer); *see also Cable/Home Commc'n v. Network Prod.*, 902 F.2d 829, 850 (11th Cir. 1990)(citing Nimmer). The fact that this judgment is one of default, entered as a result of Defendant's failure to appear, does not preclude the award of statutory damages; courts routinely award minimum statutory damages - or higher - as part of default judgments in copyright infringement cases. *See, e.g., Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002); *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35, 37 (2nd Cir. 1990); *Microsoft Corp. v. Wen*, 2001 WL 1456654, at *5-6 (N.D. Cal. Nov. 13, 2001).

Because Plaintiffs seek only minimum statutory damages that are easily calculated from

the facts set forth in the Complaint, no evidentiary hearing is necessary. *See, e.g., Ortiz-Gonzalez*, 277 F.3d at 63-64 (no hearing necessary, even where greater than minimum statutory damages awarded); *HMG Prop. Investors, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988)("It is settled that, if arriving at the judgment amount involves nothing more than arithmetic - the making of computations which may be figured from the record - a default judgment can be entered without a hearing of any kind."); *Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981)(affirming default judgment entered without evidentiary hearing where damages sought were a definite sum). Accordingly, this court finds that Plaintiffs are entitled to the minimum statutory damages in the amount of $750.00 for each of Defendant's nine claimed acts of infringement (listed in the facts above and Exhibit A to the Complaint), for a total of $6,750.00.

### 3. Plaintiffs are Entitled to an Award of Costs

Plaintiffs also seek an award of courts costs. Courts routinely award costs on default judgment. *See, e.g, Discovery Commc'ns, Inc., v. Animal Planet, Inc.*, 172 F. Supp.2d 1282, 1292 (C.D. Cal. 2001); *see also DirecTV, Inc. v. Brown,* 371 F.3d 814, 818 (11th Cir. 2004)(noting the district court's award of attorneys fees and costs as part of a default judgment); *Drill Smith, Inc. v. Int'l Fidelity Ins. Co.,* 234 F.3d 1232, 1239-40 (11th Cir. 2000)(affirming district court's award of attorneys fees and costs in a default judgment). Section 505 of the Copyright Act expressly authorizes recovery of "full costs," because an award of costs would "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." *A&N Music Corp. v. Venezia,* 733 F. Supp.955, 959 (E.D. Penn. 1990)(awarding costs on default judgment in copyright infringement

action). The court, in its discretion, finds that court costs in the amount of $420.00, as stated in the filed Reese Declaration and supported by its Exhibit B (doc. 8-3 and 8-5), are reasonable and that Plaintiffs are entitled to recover them.

### 4. Plaintiffs are Entitled to a Permanent Injunction

In addition to the statutory damages and costs, Plaintiffs also seek a permanent injunction against further acts of infringement by Defendant. Section 502 of the Copyright Act provides, in relevant part, as follows:

> Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of § 1948 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502. "Injunctive relief is a traditional remedy for copyright infringement and is especially favored where there is a history of continuing infringement and a substantial threat of continued infringement." *Sony Music Entm't, Inc.* v. *Global Arts Prods.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999)(citations omitted). The Eleventh Circuit has identified four elements for courts to analyze when addressing a request for permanent injunction: "(1) irreparable harm; (2) success on the merits; (3) a balancing of competing claims of injury to the parties; and (4) consideration of the public interest." *Id*. (citing *Warren Pub., Inc. v. Microdos Data Corp*., 115 F.3d 1509, 1516 (11th Cir. 1997), *cert. denied,* 522 U.S. (1997)).

This court has analyzed these four elements in the instant case and finds that an injunction is warranted. With respect to the first element, Plaintiffs allege in their Complaint that Defendant's conduct is causing irreparable injury that cannot fully be compensated or measured in money, and that they will continue to suffer injury unless the court enjoins Defendant from

continuing to infringe Plaintiffs' copyrights. In copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits. *See, e.g., Micro Star v. Formgen, Inc.,* 154 F.3d 1107, 1109 (9th Cir. 1998); *Sony Music Entm't, Inc.*, 45 F. Supp. 2d at 1347. Because the instant case involves a default judgment, success on the merits is a given; consequently, the existence of a default necessarily means that the first two elements are satisfied. "Plaintiffs in this case need not show irreparable harm, as the default against [Defendant] satisfies the element of success on the merits." *Sony Music Entm't, Inc.,* 45 F. Supp. 2d at 1347.

With respect to the third element of competing claims of injury, this court has balanced those interests and claims and finds that the balance must be resolved in favor of entering the injunction. Defendant has not appeared in this action to present her claims of injury should an injunction be entered, and no evidence exists that she conducts any legitimate business that an injunction would obstruct. Plaintiffs, however, claim substantial injury if the injunction is not entered. Plaintiffs assert that Defendant's infringements were widespread, going beyond the few representative examples listed in Exhibit A to the Complaint. *See* Exhibit B to the Complaint. They also state that "Defendant's means of infringement - an online media distribution system with tens of millions of potential users - has left Plaintiffs' Sound Recordings vulnerable to massive, repeated, near-instantaneous, and worldwide infringement." Finally, they note that no evidence exists that Plaintiff stopped her actions of copyright infringement after the lawsuit was filed or would stop in the future without the strong arm of an injunction. Her failure to appear in the lawsuit would indicate that she does not recognize the seriousness of copyright infringement. Balancing these factors, the court finds that Plaintiffs' claims of injury carry greater weight and

militate toward the granting of an injunction; without an injunction, Plaintiffs' copyrighted recordings remain vulnerable not only to Defendant's own infringements but to the potentially exponential infringements radiating from her conduct .

With respect to the fourth and final element, the court finds that interests of the public are best served in upholding copyright protection. "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources that are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983).

The injunction that Plaintiffs seek, however, applies not only to the works at issue in this case but also "<u>any</u> sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs. . . ." (emphasis added).  Plaintiffs argue that this broader scope is necessary to promote judicial economy and avoid similar actions in the future, noting that Plaintiffs continually create new works and that if the injunction were limited to existing works, Plaintiffs would have to return to the court to address each future infringement.  Courts have recognized the need to extend injunctions to future works in copyright cases.  *See, e.g., Princeton Univ. Press v. Michigan Document Serv., Inc.,* 99 F.3d 1381, 1392-93 (6th Cir. 1996), *cert. denied,* 520 U.S. 1156 (1997). ("The weight of authority supports the extension of injunctive relief to future works."); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994)(granting a permanent injunction that includes future works).  In the interest of judicial economy, this court also acknowledges the need to extend the injunction's protection beyond the works at issue to all sound recordings that Plaintiffs own/control or will own/control in the future.

Having considered the four elements required for issuing a permanent injunction, the court finds that Plaintiffs are entitled to a permanent injunction in this case and adopts the injunction proposed in Plaintiff's Complaint, which states:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs)("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

### E.  CONCLUSION

Accordingly, this court will grant Plaintiffs' Application for Entry of Default Judgment against Defendant and will award to Plaintiffs and against Defendant minimum statutory damages in the amount of $6,750.00 and court costs in the amount of $420.00.  Further, this court will grant Plaintiffs' request for a permanent injunction, enjoining Defendant from further infringing upon Plaintiffs' present and future copyrights.

A separate order will be entered in accordance with this opinion.

Dated this 6th day of February, 2008.

_Karon O. Bowdre_
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE